# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| PNHC, LLC, a North Carolina limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>NORTH PARK ENTERPRISES, LC, a Utah limited liability company,<br><br>Defendant,<br><br>and<br><br>COLSON ENTERPRISES LLC d/b/a ACORN EAST PACKAGING PRODUCTS, LLC, a Florida limited liability company,<br><br>Intervenor Plaintiff,<br><br>v.<br><br>PNHC, LLC, a North Carolina limited liability company; and NORTH PARK ENTERPRISES, LC, a Utah limited liability company,<br><br>Intervenor Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br><br><br><br><br><br>Case No. 2:20-cv-00788-JNP-JCB<br><br><br><br><br><br><br><br>**District Judge Jill N. Parrish**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge Jill N. Parrish referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Intervenor Plaintiff Colson Enterprises, LLC d/b/a

---

[1] ECF No. 17.

Acorn East Packaging Products, LLC's ("Acorn") motion to extend fact discovery.[2] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. Based upon the analysis set forth below, the court denies Acorn's motion.

## BACKGROUND

Plaintiff PNHC, LLC ("PNHC") initiated this action on November 6, 2020.[3] On March 9, 2021, the court entered the original scheduling order in this action which, among other things, set the close of fact discovery for November 30, 2021.[4]

The court granted Acorn's unopposed motion to intervene in this action on July 21, 2021.[5] The same day, Acorn filed its intervenor complaint against PNHC and North Park Enterprises, LC ("North Park").[6]

On February 7, 2022, the parties filed a stipulated motion to amend the scheduling order.[7] The court granted that motion the following day and entered an amended scheduling order which, among other things, set the close of fact discovery for either June 30, 2022, or July 1, 2022.[8]

---

[2] ECF No. 46.

[3] ECF No. 2.

[4] ECF No. 27.

[5] ECF No. 31.

[6] ECF No. 32.

[7] ECF No. 43.

[8] ECF No. 45. In the parties' stipulated motion to amend the scheduling order and the parties' proposed amended scheduling order, they requested that the close of fact discovery be set for "06/31/2022," a date which does not exist. ECF Nos. 43, 43-1. Unfortunately, the court missed it

In late-June 2022, the parties entered an informal stipulation via email to extend fact discovery to July 31, 2022.[9] Although the parties' emails discussed the filing of a stipulated motion seeking to memorialize the parties' agreement, no such motion was ever filed.

After discussions that lasted over several months, the parties eventually agreed to participate in mediation. The mediation was held on August 5, 2022 and was unsuccessful. On August 14, 2022, Acorn filed its motion to extend fact discovery.[10] Acorn contends that, during any extended fact discovery period, it intends to pursue only the deposition of Juan Montano ("Mr. Montano") and a Fed. R. Civ. P. 30(b)(6) deposition of North Park. According to Acorn, PNHC verbally stipulated to Acorn's request to extend fact discovery. North Park, on the other hand, did not stipulate to Acorn's request and opposes Acorn's motion.[11]

## LEGAL STANDARDS

Acorn's motion is governed, in part, by Fed. R. Civ. P. 16(b)(4), which provides that a scheduling order "may be modified only for good cause and with the judge's consent." Additionally, because Acorn's request was made after the discovery deadline expired, that

---

(something that will not happen again) and entered the amended scheduling order with the non-existent date that the parties proposed. Nevertheless, the court assumes that the parties intended for the close of fact discovery to be either June 30, 2022, or July 1, 2022.

[9] ECF No. 46-1. Although the parties agreed among themselves to the extension of the fact discovery deadline to July 31, 2022, that agreement was not valid unless approved by court order. Fed. R. Civ. P. 29(b) (providing that "a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery, for hearing a motion, or for trial"); DUCivR 83-6 ("No stipulation between the parties modifying a prior order of the court or affecting the course or conduct of any civil proceeding will be effective until approved by the court."). However, even if the court assumes that the fact discovery deadline was July 31, 2022, it does not alter the court's analysis of Acorn's motion.

[10] ECF No. 46.

[11] ECF No. 47.

request is governed, in part, by Fed. R. Civ. P. 6(b)(1)(B), which provides that "the court may, for good cause," extend a deadline after it has expired "if the party failed to act because of excusable neglect." Therefore, Acorn must show both good cause and excusable neglect.

The United States Court of Appeals for the Tenth Circuit has recognized that good cause and excusable neglect are not identical but are interrelated.[12] With respect to what is required to show good cause, the Tenth Circuit has stated:

> Without attempting a rigid or all-encompassing definition of good cause, it would appear to require *at least as much* as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required.[13]

"'[G]ood cause' requires a greater showing than 'excusable neglect.'"[14] "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[15] "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[16]

---

[12] *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996); *Putnam v. Morris,* 833 F.2d 903, 905 (10th Cir. 1987).

[13] *In re Kirkland*, 86 F.3d at 175 (emphasis in original) (quotations and citations omitted); *see also Putnam,* 833 F.2d at 905.

[14] *In re Kirkland*, 86 F.3d at 175 (footnote omitted).

[15] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (quotations and citation omitted).

[16] *Id*. at 701 (quotations and citation omitted).

To determine whether the lesser standard of excusable neglect is shown,

> a court must take into account "all relevant circumstances surrounding the party's omission." These include four relevant factors: (1) "the danger of prejudice" to the nonmoving party; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within reasonable control of the movant"; and (4) "whether the movant acted in good faith."[17]

"The Tenth Circuit has . . . held that the third factor . . . is 'perhaps the most important single factor . . . in determining whether neglect is excusable.'"[18] "'[A]n inadequate explanation for delay, may, by itself, be sufficient to reject a finding of excusable neglect.'"[19]

## ANALYSIS

Acorn requests a two-month extension of the fact discovery deadline. As indicated above, for that request to be granted, Acorn must show both good cause and excusable neglect.[20] Given that establishing good cause requires at least a showing of excusable neglect, the court first considers whether Acorn establishes excusable neglect. After determining that Acorn does not

---

[17] *Shifers v. Arapahoe Motors, Inc.*, No. 17-CV-01753-CMA-KLM, 2018 WL 6620866, at *3 (D. Colo. Dec. 18, 2018) (citations omitted) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); *see also Shifers*, 2018 WL 6620866, at *3 (providing that although the *Pioneer* Court's "discussion of excusable neglect . . . concerned Bankruptcy Rule 9006(b)(1), . . . its analysis rested on the plain meaning of the terms . . . . Accordingly, the Court of Appeals for the Tenth Circuit has extended the *Pioneer* standard of excusable neglect to motions arising under . . . Federal Rule of Civil Procedure 6(b)" (citing multiple Tenth Circuit cases) (quotations and citations omitted)).

[18] *Shifers*, 2018 WL 6620866, at *3 (third alteration in original) (quoting *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

[19] *Id.* (alteration in original) (quoting *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017)).

[20] Fed. R. Civ. P. 6(b)(1)(B), 16(b)(4).

meet that standard, the court necessarily determines that Acorn does not meet good cause either. After addressing each standard below, the court denies Acorn's motion.

I.     **Acorn Fails to Establish Excusable Neglect.**

At the outset, the court acknowledges that three of the four factors considered in the excusable-neglect analysis weigh in favor of a finding of excusable neglect. Under the first factor, the court cannot see any undue prejudice that would be imposed upon North Park by granting Acorn's requested extension because Acorn seeks to take only two depositions during any extended fact discovery period. Considering the second factor, the length of Acorn's requested extension is relatively small and would not have a significant impact on the proceedings in this case. As for the fourth factor, there is no evidence that Acorn has acted in bad faith.

Nevertheless, consideration of the third factor, by itself, directs the conclusion that Acorn fails to establish excusable neglect. As stated above, the third factor is the most important factor in determining whether Acorn has shown excusable neglect.[21] Indeed, "'[a]n inadequate explanation for delay, may, by itself, be sufficient to reject a finding of excusable neglect.'"[22] As shown below, Acorn fails to provide an adequate explanation for the delay in bringing its motion.

Acorn's explanation for the delay is based upon its "decision to attempt mediation and avoid the cost of additional discovery that would have been unnecessary had mediation succeeded."[23] Acorn also asserts that said decision was "based on legitimate concerns that

---

[21] *Shifers,* 2018 WL 6620866, at *3.

[22] *Id.* (quoting *Perez,* 847 F.3d at 1253).

[23] ECF No. 46 at 6.

additional discovery would eat up any funds that may have been obtained from North Park at mediation" because North Park is apparently no longer in business.[24] Even taking those statements as true, they have no relevance to explaining Acorn's delay in filing its motion. Although Acorn may have had practical reasons for avoiding potentially unnecessary discovery, that does not excuse its decision to ignore the fact discovery deadline. In the court's view, Acorn made a strategic decision to rely upon the success of mediation without attempting to ensure that its ability to conduct further fact discovery was preserved in the event mediation was unsuccessful. The mere hope of settling a case in mediation does not provide an adequate explanation for Acorn's delay in filing its motion. Indeed, if Acorn's proposed justification obtained, then merely suggesting mediation to an opposing party even though that suggestion floated out there for months would be enough to extend discovery *after* the deadline had already passed. This hope of mediation is insufficient to establish excusable neglect.

     Furthermore, by its own admission, Acorn knew of the need to conduct Mr. Montano's deposition by April or May 2022, yet it failed to file its motion until over three months later after mediation proved to be unsuccessful. Additionally, Acorn does not assert that its need to take North Park's Rule 30(b)(6) deposition was unknown prior to the expiration of the fact discovery deadline. For those additional reasons, Acorn fails to provide an adequate explanation for the delay in filing its motion.

---

[24] ECF No. 48 at 2-3.

As shown above, Acorn fails to establish excusable neglect, which justifies denying its motion. Nevertheless, assuming that Acorn had established excusable neglect, the court now turns to whether Acorn can establish good cause.

## II. Acorn Fails to Establish Good Cause.

Having determined that Acorn fails to satisfy the lesser excusable-neglect standard, the court examines whether Acorn meets the good-cause standard. As stated above, to demonstrate good cause, Acorn must "show the deadline [could not] be met despite [its] diligent efforts."[25] Acorn cannot meet that standard. Although Acorn may have had practical reasons for choosing not to complete its discovery during the fact discovery period, it provides no explanation as to why it could not have done so. Instead, it appears that Acorn chose to simply disregard the fact discovery deadline in the hopes that mediation would be successful and that it would not have to conduct any further fact discovery. That is not compatible with a finding of diligence. Therefore, Acorn fails to establish good cause, which requires denial of its motion.

## ORDER

Based upon the foregoing analysis, Acorn fails to establish excusable neglect and good cause in support of its motion to extend fact discovery.[26] Therefore, the court DENIES the motion.[27]

---

[25] *Herbert*, 678 F. App'x at 701 (quotations and citation omitted).

[26] ECF No. 46.

[27] Lest the court be misunderstood, by denying Acorn's untimely motion, the court is *not* recognizing that North Park behaved appropriately here. Once Acorn offered mediation, North Park's eight-month delay in responding to that request is inexcusable. Counsel has a duty to be communicative with opposing counsel. Although North Park's delay in responding to Acorn's mediation request was inappropriate here, it is not enough to justify Acorn's tardy request to

IT IS SO ORDERED.

DATED this 7th day of October 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

extend the discovery deadline on the mere hope that some unrequited request for mediation will one day be accepted and yield an outcome that disposes of the case. Court ordered deadlines matter and cannot be ignored solely based on a faint hope of a someday settlement. *Rennsli Corp. v. Winberg*, No. 2:20-cv-00247-JNP-JCB, 2021 WL 1381166, at *3 (D. Utah Apr. 12, 2021) ("[A] Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." (alteration in original) (quotations and citation omitted)); *Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) (same).